## C. W. Cochran Lumber Company, Defendant in Error, v. Consolidated Adjustment Company, Plaintiff in Error.

### Gen. No. 21,479.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MAHONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 27, 1916.

### Statement of the Case.

Action by C. W. Cochran Lumber Company, a corporation, plaintiff, against the Consolidated Adjustment Company, a corporation, defendant, to recover a balance due on the defendant's guaranty to collect a certain proportion of claims submitted to it by the plaintiff for collection. To review a judgment for plaintiff, defendant prosecutes a writ of error.

Part of the contract sued upon, which was in writing and signed by the defendant alone, was as follows:

"This certifies that C. W. Cochran Lumber Co., client, of Meridian, Miss. has paid to the Consolidated Adjustment Company, of Chicago, $98.64 for which, together with commissions according to commission rates printed below, to be paid by said client, the Consolidated Adjustment Company agrees to give to said client a three years' service from the date hereof, in the prosecution and adjustment of claims aggregating $2157.37, to be listed for adjustment under terms of this contract.

GUARANTY.

"The Consolidated Adjustment Company guarantees that it will recover in cash, or secure net settlement, from the claims of said client at least $502.23, or to refund the full initial fee paid, reserving the right to cancel the contract, refund said initial fee and surrender all claims listed hereunder at any time within six months from date; or will continue the service un-

334    APPELLATE COURTS OF ILLINOIS.

C. W. Cochran L. Co. v. Consolidated Adj. Co., 202 Ill. App. 333.

der this contract beyond the term above mentioned and until the minimum salvage amount, hereinafter estimated, shall have been so recovered, without additional compensation except commissions, as hereinafter specified, on adjustments effected.

Aggregate amount of claims contracted for ...................$2157.37

Minimum salvage amount estimated on said claims.................. 1004.46

Amount of guaranty.............. 502.23 net

Judgm'ts———Bonds———Claims in⎫
                                ⎬Total $———
Acc'ts———Notes———Controversy⎭

(Classification of claims necessary only when loan is desired.)

Lost Debtor Bankrupt and⎫
Claims———Outlawed Claims⎬ Total..........

(No Guaranty on this class of claims)

COMMISSION RATES:

On adjustment of over $100..............10 per cent.
On adjustment of over $25 to $100 inclusive .............................15 per cent.
On adjustment of $25 or less.............25 per cent.
On current claims not exceeding 12 months past due .......................... 7 per cent.
                (Minimum fee 50 cents)

The Consolidated Adjustment Company further agrees at all times to confide its process within the limits of the law, and the said client agrees to immediately report all payments and to promptly remit commissions thereon.

---

Received of C. W. Cochran Lumber Company Ninety eight & 64/100 Dollars, as payment in full on a full three year $2157.37 contract, from November 3rd, 1910 to November 3rd, 1913.

CONSOLIDATED ADJUSTMENT COMPANY,
                By Chas. F. Perkins.

Dated November 3rd, 1910.''

Plaintiff admitted that the defendant had collected on the claims in question $172.52, and that the defend-

ant had turned over to the plaintiff, after deducting the defendant's commission of $17.25, the sum of $155.27. The difference between $502.23, the amount of the guaranty mentioned in the writing signed by the defendant and $155.27, the net amount received by the plaintiff, is the amount for which the judgment was entered, that is $346.96.

On October 1, 1913, almost three years after the date of the contract, the defendant wrote to the plaintiff the following letter, in part, as follows:

"In our prosecution of the claims you have submitted for our service under a certain printed form of contract, we find that we will not be able to realize the full amount stipulated on the claims filed to date. This is due to the fact that some of the claims filed with us were against persons who were not to be found at nor traced from the addresses given us; others outlawed or discharged in bankruptcy.

"We, therefore, inform you of our election to continue to give you our services as collectors beyond the three year period mentioned in the contract, and in accordance with its terms our service will be employed in your behalf, without additional costs except commissions on moneys collected for you.  *  *  *''

The writings above set forth and the admissions as to the amounts paid and received, and a written statement of the claims, constitute all the evidence in the case. The record, however, showed that the defendant offered to prove that a report was made to the plaintiff that the correct addresses of five of the debtors, against whom were claims aggregating $1,557.84, could not be found.

DELAVAN B. COLE, for plaintiff in error; ADELOR J. PETIT, of counsel.

HARRY A. BIOSSAT, for defendant in error.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 371*—*when burden is on defendant to prove extent of his promise.* In an action on a promise in writing signed by the defendant only, wherein it acknowledged the receipt of money paid it by the plaintiff, in consideration of which it guarantied the collection of a certain proportion of claims submitted to it by the plaintiff, certain classes of claims being excepted, or to continue the service beyond the period named in the writing for certain commissions on accounts actually collected, or to return the accounts and fee paid, *held* that the burden of proof that the claims submitted by the plaintiff did not come within the excepted classes was not on the plaintiff but that the burden of proof that they did come within such classes was on the defendant.

2. CONTRACTS, § 377*—*when evidence not admissible to show plaintiff's claim not covered by defendant's promise.* In an action on a written promise signed by the defendant only, whereby it guaranteed the collection of a certain amount net on claims submitted to it by the plaintiff for collection, followed by a statement consisting, in part, of blanks not filled out, to the effect that certain named classes of claims were excepted from the guaranty, *held* that inasmuch as there was no way of determining how such guarantied amount was computed with reference to the claims submitted, the defendant was not entitled to prove that part of the claims submitted fell within the classes covered by such exceptions, the defendant having offered no proof in explanation of the word "guaranty."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.